# EXHIBIT A

# SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

---

**JUSTIN GOLDMAN,**

Plaintiff, Pro Se,

– against –

**Sony Music Entertainment; Arista Records; Dada1k, an individual; and John Does 1–10,**.

Defendants

Index No.: _____

---

## SUMMONS

Plaintiff designates New York County as the place of trial.
The basis of venue is Defendant's principal place of business in New York County.

TO: **Defendant(s):**

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF, whose address appears below, an answer to the complaint which is herewith served upon you, within 21 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated: September 3rd, 2025
New York, New York 10019

---

**Address for Plaintiff:**
Justin Goldman
15 West 55th Street
New York, NY 10019
917-891-0699

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**JUSTIN GOLDMAN**,
Plaintiff,

-against-

**Sony Music Entertainment; Arista Records; Dada1k, an individual; and John Does 1–10,**.

Defendants.

Index No. _____

# COMPLAINT AND DEMAND FOR JURY TRIAL

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**Justin Goldman,**
Plaintiff,

v.

**Sony Music Entertainment; Arista Records; Dada1k, an individual; and John Does 1–10,**
Defendants.

Index No. _____

# INTRODUCTION

1. This is an action for **willful copyright infringement, accounting, unjust enrichment, and declaratory judgment** arising from Defendants' deliberate and unauthorized exploitation of the musical sound recording *"War Ready."*
2. Plaintiff is a lawful **co-owner of the copyright in the beat "Faded Memories,"** which is the production underlying *"War Ready."*

3. *"War Ready"* is attributed to Defendant Dada1k, but it incorporates Plaintiff's copyrighted contribution, making Plaintiff a co-owner of the sound recording.
4. No agreement, producer contract, or assignment exists transferring Plaintiff's rights.
5. Defendants have distributed and monetized *"War Ready"* on all major digital platforms without accounting to Plaintiff, in willful disregard of his rights.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under **28 U.S.C. §§ 1331 and 1338(a).**
7. Venue is proper under **28 U.S.C. § 1391(b),** as Defendants reside in this District and a substantial part of the infringement occurred here.
8. Personal jurisdiction is proper because Sony Music Entertainment and Arista Records are headquartered and transact business in New York, and Defendants directed infringing acts here.

## PARTIES

9. Plaintiff Justin Goldman is an individual domiciled in New York, New York.
10. Defendant Sony Music Entertainment is a Delaware corporation headquartered at 25 Madison Avenue, New York, NY.
11. Defendant Arista Records is a division of Sony Music Entertainment operating in New York.
12. Defendant Dada1k is an individual performer/artist associated with *"War Ready."*
13. Defendants Does 1–10 are unknown parties involved in the distribution and monetization of *"War Ready."*

## FACTS

14. Plaintiff is a co-owner of the copyright in the beat entitled *"Faded Memories."*
15. Plaintiff's copyright in *"Faded Memories"* is registered with the U.S. Copyright Office as **SR0001040141.**
16. The beat *"Faded Memories"* was incorporated as the production in the track *"War Ready,"* attributed to Defendant Dada1k.
17. By virtue of that incorporation, Plaintiff is a co-owner of the copyright and master rights in the sound recording *"War Ready."*
18. No license, assignment, or written agreement exists transferring away Plaintiff's rights in *"Faded Memories"* or *"War Ready."*
19. Defendants released, distributed, and monetized *"War Ready"* across major digital service providers without authorization, credit, or payment to Plaintiff.

20. Defendants knowingly failed to account for revenues, despite being aware of Plaintiff's ownership interest.
21. Defendants' infringement is willful, malicious, and in reckless disregard of Plaintiff's rights.

# CLAIMS FOR RELIEF

## COUNT I – Copyright Infringement (17 U.S.C. § 501)

22. Plaintiff owns the copyright in the beat *"Faded Memories,"* registered as **SR0001040141.**
23. That copyrighted beat constitutes Plaintiff's ownership to the sound recording *"War Ready."*
24. Defendants reproduced, distributed, publicly performed, and monetized *"War Ready"* without authorization or compensation to Plaintiff.
25. Defendants' infringement was willful, entitling Plaintiff to **statutory damages up to $150,000 per infringement** and attorneys' fees under 17 U.S.C. § 505.

## COUNT II – Accounting

26. Plaintiff, as co-owner of the sound recording, is entitled to a full accounting of all revenues from Defendants' exploitation of *"War Ready."*
27. Defendants have refused to render an accounting.

## COUNT III – Declaratory Judgment (28 U.S.C. § 2201)

28. An actual controversy exists concerning Plaintiff's rights in *"Faded Memories"* and *"War Ready."*
29. Plaintiff seeks a declaratory judgment confirming his co-ownership interest and revenue entitlement.

## COUNT IV – Unjust Enrichment (Alternative)

30. Defendants knowingly retained benefits from exploiting *"War Ready"* without compensating Plaintiff.
31. Equity and good conscience require restitution.

# PRAYER FOR RELIEF

Plaintiff demands judgment against Defendants as follows:

A. A declaration that Plaintiff is a co-owner of the copyright and master rights in *"Faded Memories"* and *"War Ready."*
B. An injunction barring Defendants from continued unauthorized exploitation.
C. A full accounting of all revenues and profits derived from *"War Ready."*
D. Statutory damages up to **$150,000 per infringement** or, alternatively, actual damages plus disgorgement of profits.
E. Prejudgment and post-judgment interest.
F. Attorneys' fees and full costs under 17 U.S.C. § 505.
G. Such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

**Respectfully submitted,**

Justin Goldman

**EXHIBIT A- COPYRIGHT REGISTRATION**

Registration Number
**SR 1-040-141**
**Effective Date of Registration:**
July 31, 2025
**Registration Decision Date:**
August 01, 2025

### Title

**Title of Work:** "Faded Memories"

### Completion/Publication

**Year of Completion:** 2019
**Date of 1st Publication:** February 27, 2019
**Nation of 1st Publication:** Brazil

### Author

- **Author:** Lucas Souza
  **Author Created:** sound recording, music
  **Citizen of:** Brazil
  **Domiciled in:** Brazil

### Copyright Claimant

**Copyright Claimant:** Zachary Hiller
1701 Ne 63rd Ct, Fort Lauderdale, FL, 33334, United States
**Transfer statement:** By written agreement

### Rights and Permissions

**Organization Name:** L.A.A.S.E. Inc
**Name:** Zachary Hiller
**Email:** laamusicops@gmail.com
**Telephone:** (845)224-9543
**Address:** 133 w 22nd
New York, NY 10011 United States

### Certification

# EXHIBIT B- TRANSFER OF COPYRIGHT OWNERSHIP

Docusign Envelope ID: 03D04DF6-D551-4D83-8FB7-BDD5D8FD1137

### Agreement 1: Copyright Assignment Agreement

**Date:** September 3, 2025

**Assignor:**
Zachary Hiller

**Assignee:**
Justin Goldman
15 W 55th St
New York, NY

### 1. Subject Work

The work entitled *Faded Memories*, U.S. Copyright Registration No. SR0001040141.

### 2. Transfer of Copyright

Assignor hereby fully and irrevocably assigns, conveys, and transfers to Assignee all rights, title, and interest, including all copyrights, in and to the Work, throughout the world and for the full term of copyright including any renewals or extensions, together with any and all claims, choses in action, and causes of action for past, present, and future infringements of the Work, including the right to sue, recover, and retain damages, profits, statutory damages, attorneys' fees, and any other remedies for such infringements.

### 3. Consideration

This transfer is made for good and valuable consideration, the receipt of which is acknowledged.

### 4. Governing Law

This Agreement shall be governed by and construed in accordance with the laws of the State of New York.

### Signatures

**Assignor:**
DocuSigned by:
*[signature]*
D765E53611E2444...

Zachary Hiller

**Assignee:**
Signed by:
*[signature: justin]*
F4A3A7C48B3B489...

Justin Goldman

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK

Index No. 655260/2025
09/03/2025
Calendar No.

JUSTIN GOLDMAN

Plaintiff(s) Petitioner(s)

against

1~ AFFIDAVIT
OF
SERVICE

SONY MUSIC ENTERTAINMENT, et al.

Defendant)s) Respondent(s)

STATE OF DELAWARE, COUNTY OF: NEW CASTLE   Ss.:

The undersigned, being sworn, says: Deponent is not a party herein, is over 18 years of age and resides at Wilmington, DE

On 09/11/2025 at 12:15 P .M., at C/O CORPORATION SERVICE COMPANY, 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808 deponent served the within

☐ summons and complaint
☐ subpoena duces tecum
☐ citation   ☒ SUMMONS; COMPLAINT WITH DEMAND FOR JURY TRIAL;

on SONY MUSIC ENTERTAINMENT   ☒ defendant   ☐ witness   hereinafter called therein
☐ respondent   the recipient   lamed

**INDIVIDUAL 1.** ☐ by delivering a true copy of each to said recipient personally; deponent knew the person so served to be the person described as said recipient therein.

**CORPORATION 2.** ☒ a DELAWARE corporation, by delivering thereat a true copy of each to LYNANNE GARES personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be MANAGING AGENT EMPLOYED AT REGISTERED AGENT thereof

**SUITABLE AGE PERSON 3.** ☐ by delivering thereat a true copy of each to a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO DOOR, ETC. 4.** ☐ by affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4 5A.** ☐ Deponent talked to at said premises who stated that recipient ☐ lived ☐ worked there. Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipient's last known residence, at and deposited said envelope in an official depository under exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4 5B.** ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to recipient at recipient's actual place of business, at in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

**DESCRIPTION** ☒
☐ Male   ☒ White Skin   ☐ Black Hair   ☐ White Hair   ☐ 14-20 Yrs.   ☐ Under 5'   ☐ Under 100 Lbs.
☒ Female   ☐ Black Skin   ☒ Brown Hair   ☐ Balding   ☐ 21-35 Yrs.   ☐ 5'0"-5'3"   ☐ 100-130 Lbs.
☐ Yellow Skin   ☐ Blonde Hair   ☐ Mustache   ☐ 36-50 Yrs.   ☒ 5'4"-5'8"   ☒ 131-160 Lbs.
☐ Brown Skin   ☐ Gray Hair   ☐ Beard   ☒ 51-65 Yrs.   ☐ 5'9"-6'0"   ☐ 161-200 Lbs.
☐ Red Skin   ☐ Red Hair   ☐ Glasses   ☐ Over 65 Yrs. [- I Over 6'   ☐ Over 200 Lbs.

☐ Other identifying features:

**WITNESS FEES** ☐   $ _____ the authorizing traveling expenses   ☐ was paid (tendered) to the recipient _____
and one days' witness fee:   ☐ was mailed to the witness with subpeona copy.

**MILITARY SERVICE** ☐   I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on 09/11/2025

DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 1, 2028

License No. _____
GILBERT DEL VALLE
BRANDYWINE PROCESS SERVERS, LTD., PO BOX 1360, WILMINGTON, DE 19899

1 of 1